# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS BOBO,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS,<br><br>    Defendant.<br>_____ / | Case No. 1:16-cv-00151-DAD-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Doc. 2)**<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**<br><br>**(Doc. 1)** |

## I. INTRODUCTION

On February 2, 2016, Plaintiff, proceeding pro se, filed a complaint against Countrywide Home Loans. ("Defendant"). (Doc. 1). Plaintiff also filed a motion to proceed *in forma pauperis* (IFP). For the reasons set forth below, Plaintiff's motion to proceed IFP is GRANTED, and Plaintiff's complaint is dismissed without prejudice and with 30 days leave to amend.

## II. FACTUAL BACKGROUND

Plaintiff's complaint is nearly devoid of facts. Plaintiff alleges his property is in foreclosure, and he received some type of notice of the impending foreclosure from the HUD Field Office. Plaintiff requests $100,000,000 in damages.

### III.  DISCUSSION

**A.    Plaintiff's Motion to Proceed IFP is GRANTED**

Along with his complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee.  Plaintiff's motion demonstrates his entitlement to proceed without prepayment of fees and is therefore GRANTED.  (Doc. 2.)

**B.    Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).  Allegations of a pro se complainant are held to

2

less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C.     Plaintiff's Complaint is Dismissed with Leave to Amend

Plaintiff's complaint fails to state a cognizable claim against Defendant. It is not clear what harm Defendant has caused Plaintiff or how Plaintiff is entitled to redress under the law. The only fact the Court can discern from the complaint is that Plaintiff's home appears to be in foreclosure. Without any allegations setting forth conduct that is contrary to law on the part of Defendant which entitles Plaintiff to relief, the complaint must be dismissed for failure to state a claim.

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend.

### IV.     CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's complaint does not state a claim upon which relief can be granted. Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to proceed in forma pauperis is GRANTED;

2.     Plaintiff's complaint is DISMISSED without prejudice;

3.     Plaintiff shall file an amended complaint within 30 days from the date of this order; and

///

///

///

4. Failure to file an amended complaint will result in a recommendation that this action be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  **March 2, 2016**                                      **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE