1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHARLES LEWIS BOBO,

        Plaintiff,

    v.

COUNTRYWIDE HOME LOANS,

        Defendant.

_____/

Case No.  1:16-cv-00151-DAD-SKO

**ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**

**(Doc. 4)**

## I.   INTRODUCTION

On February 2, 2016, Plaintiff, proceeding pro se and *in forma pauperis*, filed a complaint against Countrywide Home Loans. ("Defendant").  (Doc. 1).  Plaintiff's complaint was dismissed without prejudice, and on March 18, 2016, Plaintiff filed a First Amended Complaint ("FAC"). For the reasons set forth below, Plaintiff's FAC is dismissed without prejudice with 30 days leave to amend.

## II.   FACTUAL BACKGROUND

Plaintiff's complaint is entirely devoid of any factual allegations.  In the caption of the complaint, it appears Plaintiff has named Countrywide Home Loans, CTC Real Estate Services, and Phil Franey, the Kern County Treasurer and Tax Collector as defendants (collectively, "Defendants").  (Doc. 4.)  Other than identifying these entities and Mr. Franey, Plaintiff attached copies of what appears to be a property tax invoice, an adjustable rate note, and the first page of a deed of trust.  Plaintiff does not describe the documents' relevance, nor does he state any factual allegations identifying his claim or in what unlawful conduct Defendants have engaged.

## III.   DISCUSSION

### A.    Screening Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Although a court must accept as true all factual allegations contained

in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.    Plaintiff's Complaint is Dismissed with Leave to Amend**

Plaintiff's complaint fails to state a cognizable claim against Defendants.  It is not clear what harm Defendants have caused Plaintiff or how Plaintiff is entitled to redress under the law. Absent factual allegations setting forth conduct that is contrary to law on the part of Defendants which entitles Plaintiff to relief, the complaint must be dismissed for failure to state a claim. Plaintiff will be given one final opportunity to set forth facts that explains the nature of his suit against Defendants and states a cognizable claim for which relief can be granted.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend.

**IV.    CONCLUSION AND ORDER**

For the reasons set forth above, Plaintiff's complaint does not state a claim upon which relief can be granted.  Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's complaint is DISMISSED without prejudice;

2.    Plaintiff shall file an amended complaint within 30 days from the date of this order; and

3.     Failure to file an amended complaint will result in a recommendation that this

action be dismissed with prejudice.

IT IS SO ORDERED.

Dated:   **April 7, 2016**                                    **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE