# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS BOBO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTRYWIDE HOME LOANS,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:16-cv-00151-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>**Objections Due: 28 Days**<br><br>**(Doc. 6)** |

## I. INTRODUCTION

On February 2, 2016, Plaintiff, proceeding pro se and *in forma pauperis*, filed a complaint against Countrywide Home Loans. ("Defendant"). (Doc. 1). Plaintiff's complaint was dismissed without prejudice, and on March 18, 2016, Plaintiff filed a first amended complaint. (Docs. 3; 4.) Plaintiff's first amended complaint was also dismissed without prejudice, and on April 20, 2016, Plaintiff filed a second amended complaint. (Docs. 5; 6.) For the reasons set forth below, Plaintiff's second amended complaint is dismissed with prejudice and without leave to amend.

## II. FACTUAL BACKGROUND

Plaintiff's single-page amended complaint is entirely devoid of any factual allegations. In the caption of the complaint, it appears Plaintiff has named Countrywide Home Loans as defendant, and added within the body of the amended complaint CTC Real Estate Services, FRA CTC Foreclosure Services Corporation, and Phil Franey, the Kern County Treasurer and Tax

Collector as defendants (collectively, "Defendants"). (Doc. 6.) Other than identifying these entities and Mr. Franey, Plaintiff has provided the following information:

> T.S. No 99-09614 Loan No 5008170 Title order No 432823 Trustee in compliance with said notices of Trustee's sale and in exercise of its power under said deed of trust sold said real property at public auction on 4/10/2000
>
> Assessor tax number 516-053-07-00-7
>
> Tax rate area 601-387
>
> Tax bill number # 99-1349490-00-0
>
> This amount due Nov 1, 1999 599.90-659-84

(SAC, p. 1.) There is no description of the relevance of this information and no factual allegations identifying Plaintiff's claim or in what unlawful conduct Defendants have engaged.

### III. DISCUSSION

**A.  Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . .

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Plaintiff's Second Amended Complaint Should Be Dismissed without Leave to Amend**

Plaintiff's amended complaint again fails to state a cognizable claim against Defendants.  It is not clear what harm Defendants have caused Plaintiff or how Plaintiff is entitled to redress under the law.  Absent factual allegations setting forth conduct that is contrary to law on the part of Defendants which entitles Plaintiff to relief, the complaint must be dismissed for failure to state a claim.  Plaintiff was cautioned in this Court's April 7, 2016, order that he would "be given one final opportunity to set forth facts that explains the nature of his suit against Defendants and state[ ] a cognizable claim for which relief can be granted." (Doc. 5, p. 3.)

Plaintiff has had three opportunities to state a cognizable claim, and has proven unable to marshal facts sufficient to constitute a cognizable federal claim.  "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'" *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 57 (2014) (quoting *U.S. ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Regardless of whether there may be merit to Plaintiff's actual claim -- whatever it may be -- Plaintiff has demonstrated that an additional opportunity to amend his complaint would be futile. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("The propriety of dismissal for failure to comply with [Fed. R. Civ. P. 8] does not depend on whether the complaint is wholly without merit").

For the above reasons, Plaintiff's claims should be dismissed with prejudice and without leave to amend.

### IV. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *See, e.g., Wilkerson v. Wheeler*, 772

IT IS SO ORDERED.

Dated:  **April 26, 2016**                                  **/s/ Sheila K. Oberto**
                                                                  UNITED STATES MAGISTRATE JUDGE